IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TYRONE WATSON,

        Plaintiff,

v.

JOHN DOE #1 and JOHN DOE #2,

        Defendants.

Civil Action No.
1:15-CV-1356 (BKS/DEP)

---

APPEARANCES:          OF COUNSEL:

FOR PLAINTIFF:

TYRONE WATSON, *Pro se*
13-A-4239
Attica Correctional Facility
Box 149
Attica, NY 14011

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Tyrone Watson, a New York State prison inmate, has commenced this action pursuant to 42 U.S.C. § 1983 against two unidentified "John Doe" defendants, who are alleged to be Kingston City Police Officers, claiming that they deprived plaintiff of his civil rights. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon my consideration of those documents, plaintiff's IFP application is granted, but I recommend that one of plaintiff's causes of action be dismissed with leave to replead.

## I. BACKGROUND

Plaintiff commenced this action on August 19, 2015. Dkt. No. 1. In his complaint, he alleges that the two Doe defendants applied excessive force against him during the course of an unlawful arrest on October 18, 2012, and subsequently refused him medical attention for his injuries. *Id.* at 5-6. According to plaintiff, the charges brought against him pursuant to the arrest were ultimately dismissed. *Id.* at 5. Plaintiff's complaint asserts claims of excessive force, false arrest, and denial of medical treatment, and plaintiff seeks an award of punitive damages in the amount of $500,000. *Id.* at 6.

II.  DISCUSSION

   A.  IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, must ordinarily be paid.[1] 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff satisfies the requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted.[2]

   B.  Sufficiency of Plaintiff's Complaint

       1.  Governing Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss

---

[1] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00). Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[2] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

3

the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999

WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

    2.    <u>Analysis</u>

        a.    <u>Plaintiff's Deliberate Medical Indifference Claim</u>

Pretrial detainees' constitutional rights are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Benjamin v. Fraser*, 343 F.3d 35, 49-50 (2d Cir. 2003), *overruled on other grounds by Caiozzo v. Koreman*, 581 F.3d 63, 70 (2d Cir. 2009). Nevertheless, under current Second Circuit precedent, a deliberate medical indifference cause of action asserted by a pretrial detainee is informed by the same standard as that applicable to a convicted prisoner's deliberate medical indifference claim. *Caiozzo*, 581 F.3d at 72. Accordingly, in this case, plaintiff must satisfy both

an objective and subjective requirement.³ *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009); *Price v. Reilly*, 697 F. Supp. 2d 344, 356 (E.D.N.Y. 2010). To satisfy the objective requirement, the alleged deprivation must be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994); *see also Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) ("[T]he objective test asks whether the inadequacy in medical care is sufficiently serious."). To satisfy the subjective requirement, a plaintiff must demonstrate that the defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'" *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). "In medical-treatment cases . . ., the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate

---

³ The Supreme Court recently distinguished between Eighth and Fourteenth Amendment claims in holding that a pretrial detainee alleging that an officer used excessive force against him in violation of the Fourteenth Amendment need not demonstrate that such officer was subjectively aware that his use of force was unreasonable. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015). Because that case specifically addressed an excessive force claim, however, and mindful that the Second Circuit has not addressed whether *Kingsley* should be extended to other claims, like deliberate medical indifference, asserted by pretrial detainees, I have analyzed plaintiff's claim in this case under the assumption that he must satisfy both the objective and subjective requirements of an Eighth Amendment medical indifference cause of action. *See, e.g., Roberts v. C-73 Med. Dir.*, No. 14-CV-5198, 2015 WL 4253796, at *3 n.3 (S.D.N.Y. July 13, 2015) ("The decision in *Kingsley* dealt only with excessive force claims, thus the Court continues to abide by Second Circuit precedent setting forth a subjective standard for cases involving allegations of deliberate indifference to a pretrial detainee's serious medical needs, which is identical to the standard for convicted prisoners under the Eighth Amendment.").

indifference to inmate health." *Salahuddin*, 467 F.3d at 280. "Deliberate indifference," in a constitutional sense, "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Id.*; *see also Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

In this case, plaintiff's complaint alleges only that defendants "refused [him] medical attention[.]" Dkt. No. 1 at 5. He provides no further factual allegations regarding this cause of action, including, by way of example, the nature of his medical needs. Importantly, plaintiff's complaint is also void of any allegations regarding the mental state of either of the John Doe defendants. Accordingly, I recommend that plaintiff's deliberate medical indifference claim be dismissed, with leave to replead.

### b. Plaintiff's Remaining Causes of Action

As to plaintiff's other causes of action asserting excessive force and false arrest, I find that the allegations in the complaint are sufficient to survive review under section 1915(e). In so ruling, the court expresses no opinion regarding whether the claims could survive a properly filed motion to dismiss or motion for summary judgment.

C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, acknowledging that it is possible that plaintiff could state a plausible medical indifference claim with the inclusion of additional factual allegations, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and

complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

    D.    <u>Proper Defendants</u>

In the event plaintiff does not choose to amend his complaint, the court will accept the original complaint for filing, subject to the recommended dismissal of his deliberate medical indifference claim. At that time, however, the clerk of the court will be unable to issue summonses for the John Doe defendants, service cannot be effectuated, and the defendants will not be expected to appear in the action. Accordingly, in deference to plaintiff's status as an incarcerated, *pro se* litigant, and mindful of the court's obligation to assist such litigants in identifying unknown defendants, I recommend that, if plaintiff does not timely file an amended complaint, the court direct the clerk of the court to *sua sponte* add the Kingston City Chief of Police, Gilles M. Larochelle, as a named defendant in the action solely so that service may proceed and issue may be joined. Once issued is joined, plaintiff must seek, through discovery, the identity of the Doe defendants. *See Paralta v. Doe*, No. 04-CV-6559, 2005 WL

357358, at *2 (W.D.N.Y. Jan. 24, 2005) (permitting the addition of the superintendent to facilitate service and discovery to uncover the identities of the unknown defendants) (citing *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (suggesting that a district court should assist a *pro se* incarcerated litigant with his inquiry as to the identity of an unknown defendant and "may pursue any course that it deems appropriate to a further inquiry into the identity" of the unknown defendant)); *see also Brown v. Doe*, No. 96-CV-1222, 1999 WL 893070, at *2 (S.D.N.Y. Oct. 18, 1999) (deferring the defendants' motion to dismiss until they provided the requisite discovery information and materials to the *pro se* prisoner litigant on the grounds that "[p]lantiffs, especially *pro se* incarcerated plaintiffs should be given an opportunity to identify . . . unknown defendants through discovery)." By taking this measure, the court does not suggest in any way that City of Kingston Chief of Police Larochelle was personally involved in the constitutional deprivations alleged in plaintiff's complaint, or is otherwise subject to liability for the acts giving rise to plaintiff's claims.

### III. SUMMARY, RECOMMENDATION, AND ORDER

Based upon the foregoing, it is hereby

ORDERED that plaintiff's IFP application (Dkt. No. 2) is granted; and it is further respectfully

RECOMMENDED that plaintiff's Fourteenth Amendment deliberate medical indifference claim be dismissed, without prejudice, and that he be provided an opportunity to amend his complaint to cure the deficiencies identified in this report with respect to that claim; and it is further

RECOMMENDED that, in the event this report and recommendation is adopted and plaintiff fails to amend his complaint by the deadline set by the assigned district judge, plaintiff's complaint be accepted for filing, except as to his deliberate medical indifference claim, and that the clerk of the court add the City of Kingston Chief of Police, Gilles M. Larochelle, as a defendant for purposes of service and discovery.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   December 21, 2015
         Syracuse, New York

David E. Peebles
U.S. Magistrate Judge