UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRRONE R. WATSON,

               Plaintiff,

v.                                                   1:15-cv-01356(BKS/DEP)

CITY OF KINGSTON-KINGSTON POLICE DEPT,
BRIAN GROTHKOPP, EDDIE ALVAREZ,
CHRISTOPHER SPYLIOUS, TRAVIS R. WILBER,
EGIDI TINTI CHIEF OF POLICE KPD,

               Defendants.
_____

**Appearances:**

*For Plaintiff*:
Benjamin W. Hill
Law Office of Benjamin W. Hill, PLLC
50 State Street, 2nd Floor
Albany, NY 12207

*For Defendants*:
Michael T. Cook
Cook, Netter, Cloonan, Kurtz & Murphy, P.C.
85 Main Street, P.O. Box 3939
Kingston, NY 12402

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Tyrrone Watson brings this action against Defendants under 42 U.S.C. § 1983 for alleged constitutional injuries resulting from his arrest on October 18, 2012 and subsequent prosecution. (Dkt. No. 83). Plaintiff asserts six causes of action: (1) false arrest; (2) excessive force; (3) deliberate indifference to medical needs; (4) a *Monell* claim for municipal liability; (5) violation of due process; and (6) violation of equal protection. (Dkt. No. 83). Presently before

the Court are the parties' motions in limine. (Dkt. Nos. 147, 143). Plaintiff: (1) seeks to preclude evidence of his prior convictions and inmate disciplinary records, (Dkt. No. 147, at 5–8); and (2) asserts that a jury instruction on qualified immunity is not warranted in this case, (*id.* at 8–9). Defendants seek: (1) "to amend the caption" to reflect that the "only defendants remaining . . . are Brian Grothkopp, Eddie Alvarez, and Christopher Spylious," (Dkt. No. 143, at 1–2); (2) to question Plaintiff about his prior arrests and detentions; and (3) either to preclude Plaintiff from introducing evidence concerning the disposition of the charges stemming from the arrest at issue in this action, or to obtain an order unsealing the criminal docket relating to his arrest. (Dkt. No. 143). For the reasons that follow, the parties' motions are granted in part and denied in part.

## II.     DISCUSSION

### A.     Prior Convictions and Disciplinary History

Arguing they are unduly prejudicial and therefore inadmissible under Federal Rules of Evidence 609(a)(1) and 403,[1] Plaintiff seeks to preclude Defendants from introducing evidence at trial (for impeachment purposes) concerning his convictions for third degree criminal possession and sale of controlled substances. (Dkt. No. 147, at 6). Plaintiff also seeks to preclude Defendants from introducing his prison disciplinary record. (Dkt. No. 147, at 7). During the pretrial conference, however, Defendants indicated that they do not intend to introduce such evidence. Accordingly, Plaintiff's motion to preclude this evidence is denied as moot.

---

[1] Rule 609 contains the rules applicable "to attacking a witness's character for truthfulness by evidence of a criminal conviction" and states that "for a crime that . . . was punishable . . . by imprisonment for more than one year, the evidence . . . must be admitted subject to Rule 403, in a civil case." Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

### B. Jury Instruction on Qualified Immunity

Plaintiff objects to a jury instruction on qualified immunity. (Dkt. No. 147). Defendants have proposed a jury charge on qualified immunity. (Dkt. No. 138, at 4). Plaintiff argues that the "law on excessive force . . . is clearly established," and because the jury will have to make a credibility determination regarding factual allegations that "leave no room for any grey area," the jury "should not be unnecessarily subjected to this confusing and inapplicable judicially-created doctrine." (Dkt. No. 147, at 9). The Court agrees that the jury should not be instructed on qualified immunity. "Once the jury has resolved any disputed facts that are material to the qualified immunity issue, the ultimate determination of whether the officer's conduct was objectively reasonable is to be made by the court." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007); *see also Outlaw v. City of Hartford*, 884 F.3d 351, 367–68 (2d Cir. 2018).

In the Trial Order, the Court invited Defendants to submit a special verdict form with "proposed special interrogatories with factual questions for the jury to aid the Court in its determination of qualified immunity, in accord with *Zellner*." (Dkt. No. 132, at 3). Defendants have not submitted any such factual questions. Defendants' proposed question to the jury, asking whether each defendant knew or "should have known that his conduct did violate a clearly established constitutional right of the plaintiff," is "the ultimate determination" for the Court. *Zellner*, 494 F.3d at 368. Similarly Defendants' proposed qualified immunity instruction to the jury, that it must return a verdict for Defendants if it finds "that the officer's mistake as to what the law requires is reasonable," (Dkt. No. 138, at 4), asks the jury to decide a legal issue that is to be made by the Court. *See Zellner*, 494 F.3d at 368. Accordingly, Plaintiff's objection to the Defendants' proposed jury charge on qualified immunity is sustained.

### C. Amendment of the Caption

#### 1. City of Kingston-Kingston Police Department

Defendants assert that the caption in this case should be amended to reflect that the City of Kingston and Kingston Police Department are no longer defendants in this action because "all municipal liability claims have been dismissed by this Court." (Dkt. No. 143, at 2 (citing Dkt. Nos. 47, 127)). Plaintiff opposes any amendment of the caption. (Dkt. No. 151, at 1).

In a Memorandum-Decision and Order entered on December 27, 2016, the Court granted Defendant City of Kingston's motion to dismiss the municipal liability claim on the ground that it was barred by the three-year statute of limitations applicable to claims under 42 U.S.C. § 1983. (Dkt. No. 47, at 5–7 (finding municipal liability claim did not relate back to original complaint, which "focused exclusively on the John Doe Defendants," explaining that there was "no inkling of a municipal liability claim until the reference to Kingston's Chief of Police in the Amended Complaint" and that the municipal liability claim filed more than three years after the accrual date was therefore time-barred)); *see also Ruane v. County of Suffolk*, 923 F. Supp. 2d 454, 458 (E.D.N.Y. 2013) ("In an action arising in New York pursuant to Section 1983, the applicable statute of limitations is 'borrowed from New York's general statute of limitations for personal injury actions,' which is three years." (quoting *Blankman v. County of Nassau*, 819 F. Supp. 198, 206 (E.D.N.Y. 1993))). In the same Order, the Court directed the Clerk "to add City of Kingston Chief of Police Egidio Tinti as a named defendant solely so that service and discovery may proceed" as to the John Doe Defendants. (Dkt. No. 47, at 11). On September 25, 2017, with the Court's leave, (Dkt. No. 82), Plaintiff filed a Fourth Amended Complaint, naming, among others,

"City of Kingston-Kingston Police Dept" and "Egidio Tinti Chief of Police KPD" as defendants, (Dkt. No. 83).[2]

As the City of Kingston has been dismissed as a Defendant in this case on the ground that the statute of limitations barred the claim against it, and Plaintiff advances no timely claim as to the City of Kingston, the claims asserted against it in the Fourth Amended Complaint are dismissed as time-barred for the reasons the Court previously articulated. (Dkt. No. 47, at 5–7). Given the Court's prior ruling and because the Kingston Police Department asserted the statute of limitations as an affirmative defense in its answer, (Dkt. No. 91, at 3 (statute of limitations as seventh affirmative defense)), the Court concludes that the municipal liability claims against the Kingston Police Department, which was not named as a defendant until the filing of the Fourth Amended Complaint on September 25, 2017, (Dkt. No. 83), nearly five years after the October 18, 2012 accrual of Plaintiff's claims, (*see* Dkt. No. 47, at 5), must be dismissed as time-barred. *See, e.g.*, *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 560 (E.D.N.Y. 2011) (granting motion in limine and dismissing claim as barred by statute of limitations). Thus, Defendants' request is granted and all municipal liability claims and the City of Kingston and the Kingston Police Department are dismissed.

### 2. Egidi Tinti, Chief of Police

Defendants further seek to remove Chief Tinti from the caption because he "was joined as defendant solely for discovery purposes for the identification of the John Doe defendants." (Dkt. No. 143, at 2). To the extent Plaintiff asserts municipal liability claims against Defendant

---

[2] On February 28, 2018, Defendants moved for summary judgment in connection with Plaintiff's excessive force claim, including the corresponding failure to intervene and municipal liability claims. (Dkt. No. 108). Defendants did not raise the statute of limitations as a defense with respect to the Kingston Police Department. (*See* Dkt. No. 108, at 12–13). The Court granted summary judgment dismissing the municipal liability excessive force claim but did not address municipal liability in the context of the remaining causes of action. (Dkt. No. 127, at 13–16).

Tinti in his capacity as Police Chief, those claims are barred by the statute of limitations, as Defendants note. (*See* Dkt. No. 143, at 2). However, as Plaintiff himself—not the Court—named Chief Tinti as a defendant in his individual capacity in the Fourth Amended Complaint, (Dkt. No. 83, ¶ 7), there is no basis for removing him from the caption.[3] Thus, Defendants' request is denied.

### 3. Travis Wilber

Defendants request that the Court remove Travis Wilber "as a defendant in this caption." (Dkt. No. 143, at 2–3). Although the Court granted summary judgment dismissing the excessive force claim against Defendant Wilber, (Dkt. No. 127, at 16), the parties did not address the remaining claims at the summary judgment stage. Accordingly, those claims are still pending against Defendant Wilber. Defendants' request to remove Defendant Wilber from the caption is therefore denied.[4]

## D. Prior Arrests

With regard to Plaintiff's prior arrests and incarcerations, Defendants seek to introduce evidence that Plaintiff was arrested in 1990 and served "one and half [sic] to four and half [sic] years" in prison; was arrested in 1999 and served "six and half [sic] years" in prison; and was arrested in 2012 and sentenced in 2013 to eighteen years. (Dkt. No. 150, at 1). Defendants argue that because Plaintiff "is alleging damages for a false arrest and his confinement for eighteen hours at the Ulster County Jail," evidence of his "prior and subsequent incarceration are relevant

---

[3] To the extent Plaintiff advances a municipal liability claim against Defendant Tinti, such a claim has been dismissed as time-barred.

[4] If, however, Plaintiff fails to present a "legally sufficient evidentiary basis" for the claims against Defendants Tinti or Wilber—or for, among others, his equal protection or deliberate indifference to medical needs claims, the Court will consider granting judgment as a matter of law under Federal Rule of Civil Procedure 50(a)(1)(A) at the close of Plaintiff's proof.

6

on his claim for damages." (Dkt. No. 150, at 2). Plaintiff opposes this motion. (Dkt. No. 150, at 2).

Courts have found that evidence regarding a plaintiff's prior arrests and incarcerations is "relevant to the jury's determination of damages under Fed. R. Evid. 402,"[5] where a plaintiff is advancing a false arrest claim and seeks an award of damages for emotional distress. *Baunshi v. Palmer*, No. 08-cv-2937, 2011 WL 13894, at *3, 2011 U.S. Dist. LEXIS 419, at *7–8 (E.D.N.Y. Jan. 4, 2011); *see also Picciano v. McLoughlin*, No. 07-cv-781, 2010 WL 4366999, at *2, 2010 U.S. Dist. LEXIS 114704, at *6–7 (N.D.N.Y. Oct. 28, 2010) (finding that "in the event that Plaintiff testifies at trial that he suffered a 'fear' of police officers, and/or lost his desire to become a police officer" as a result of the incident at issue, "subsequent arrests" may be "probative of Plaintiff's claim for emotional damages" and admissible). Where, however, a plaintiff does not seek emotional damages but only "lost liberty damages," courts have found a plaintiff's arrest history irrelevant. *Nobbs v. Goulart*, 822 F. Supp. 2d 339, at 344–45 (S.D.N.Y. 2011) ("Though a plaintiff's frequent arrests and detentions may diminish the emotional toll or embarrassment caused by the arrest and detention at issue, they do nothing to diminish the fundamental loss of freedom implicated in a false arrest. Therefore, Nibbs's arrest history is irrelevant to the question of lost liberty damages."). Here, Plaintiff has not indicated the type of damages he seeks. The Court will therefore evaluate Defendants' request at trial.

### E. Disposition of Charges at Issue

Defendants move in limine to preclude Plaintiff from "discuss[ing] any favorable outcome of the charges" stemming from the October 18, 2012 arrest because "the plaintiff's

---

[5] Rule 402 states, in relevant part, that generally, "[r]elevant evidence is admissible" and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

disposition in Kingston City Court of charges related to the arrest . . . has been sealed." (Dkt. No. 143, at 3). In the alternative, Defendants request that the Court issue an order unsealing the "criminal docket relating to plaintiff's arrest on October 18, 2012." (*Id.* at 4). Plaintiff responds that "[t]hese charges and their disposition is highly relevant since Mr. Watson was charged with resisting arrest, disorderly conduct and harassment, all of which . . . were later dismissed in his favor." (Dkt. No. 151, at 2). At the pretrial conference, the parties agreed to the unsealing of these records, and Defendants will submit a proposed order. Accordingly, Defendants' motion is denied as moot.

### F. Substantive Due Process

As discussed at the pretrial conference, Defendants seek dismissal of any substantive due process claim under the Fourteenth Amendment on the basis that it would be duplicative of the other causes of action in this case. Because Plaintiff's excessive force and false arrest claim allege a violation of, and must be analyzed under, the Fourth Amendment, a substantive due process analysis would be inappropriate. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."); *see also Shaheed v. City of New York*, 287 F. Supp. 3d 438, 454 (S.D.N.Y. 2018) (dismissing substantive due process claims where "claims sound[ed] entirely in the Fourth Amendment's prohibition on unreasonable seizures"). Accordingly, Defendants' motion to dismiss the substantive due process claim is granted.

### III. CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's motion in limine (Dkt. No. 147) to preclude evidence of prior convictions and his disciplinary history is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's objection (Dkt. No. 147) to a jury charge regarding qualified immunity is sustained; and it is further

**ORDERED** that Defendants' motion in limine (Dkt. No. 143) seeking dismissal of all municipal liability claims and the dismissal of the City of Kingston and the Kingston Police Department as defendants is **GRANTED**; and it is further

**ORDERED** that Defendants' motion in limine (Dkt. No. 143) seeking dismissal of Defendants Tinti and Wilber is **DENIED**; and it is further

**ORDERED** that Defendants' motion in limine (Dkt. No. 143) to introduce evidence regarding Plaintiff's prior arrests and incarcerations is **DENIED** without prejudice to renewal at trial; and it is further

**ORDERED** that Defendants' motion in limine (Dkt. No. 143) to preclude Plaintiff from discussing "any favorable outcome of the charges" stemming from Plaintiff's October 18, 2012 arrest is **DENIED** without prejudice to renewal following the unsealing and procurement of the criminal docket relating to Plaintiff's arrest; and it is further

**ORDERED** that Defendants' motion to dismiss the Fourteenth Amendment substantive due process claim is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 4, 2019

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge