UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRRONE R. WATSON,

                              Plaintiff,                1:15-cv-01356 (BKS/DEP)

v.

BRIAN GROTHKOPP, EDDIE ALVAREZ, and
CHRISTOPHER SPYLIOUS,

                              Defendants.
_____

**Appearances:**

*Plaintiff Pro se*:
Tyrrone R. Watson, Pro se
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

*For Defendants*:
Michael T. Cook
Cook, Netter, Cloonan, Kurtz & Murphy, P.C.
85 Main Street, P.O. Box 3939
Kingston, NY 12402

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.      **INTRODUCTION**

Plaintiff Tyrrone Watson brought this action under 42 U.S.C. § 1983, alleging that Defendants Brian Grothkopp, Eddie Alvarez, and Christopher Spylious, all officers of the Kingston Police Department, violated his rights under inter alia the Fourth Amendment by employing excessive force (or failing to intervene during the use of excessive force) during his arrest on October 18, 2012. The case proceeded to a jury trial, held on March 11, 12, and 13, 2019. (Dkt. No. 165). The jury returned a verdict in favor of Plaintiff on his Fourth Amendment

claim against Defendant Christopher Spylious, and awarded Plaintiff $1 in nominal damages. (Dkt. No. 169, at 2).[1] On August 23, 2019, Plaintiff filed a motion for a bill of costs in the amount of $21,281.00, including compensation for "time spent on litigating this claim," under Rule 54(d) of the Federal Rules of Civil Procedure. (Dkt. No. 190, at 1). Defendants opposed Plaintiff's motion on the grounds that Plaintiff is "not entitled to an award of fees for work expended" and has not provided proof of payment of filing and copy fees. (Dkt. No. 191). In his reply, Plaintiff increased his request, and seeks an award of costs in the amount of $115,100. (Dkt. No. 192, at 1). For the reasons that follow, Plaintiff's request is granted in part and denied in part.

## II.     DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." It is undisputed that Plaintiff is the prevailing party, the Court therefore considers his request for costs.

"[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920," *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016), which provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees for printing and witnesses; (4) fees for exemplification and copying costs "where the copies are necessarily obtained for use in the case"; (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters. 28 U.S.C. § 1920. "The burden is on the prevailing party to establish to the court's satisfaction that the

---

[1] The jury found that Plaintiff failed to prove his claims of false arrest, false imprisonment and deliberate indifference to medical needs. (Dkt. No. 169, at 3–4).

2

taxation of costs is justified." *Cohen v. Bank of N.Y. Mellon Corp.*, No. 11-cv-0456, 2014 WL 1652229, at *1, 2014 U.S. Dist. LEXIS 57829, at *2 (S.D.N.Y. Apr. 24, 2014) (quoting *John G. v. Bd. of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)).

"[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270. Here, as the prevailing party, Plaintiff is entitled to costs. Indeed, Defendants do not oppose taxation of costs, they argue that Plaintiff has not justified his request with proof that he incurred the costs he seeks, and that he is not entitled to fees for the time he spent litigating this case.

### A. Filing Fees and Marshal Fees

Plaintiff seeks $350.00 in filing fees and $40.00 in fees for "summons and subpoena." (Dkt. No. 190, at 1). When United States Magistrate Judge David E. Peebles granted Plaintiff's application for leave to proceed in forma pauperis, he noted that Plaintiff was still "required to pay, over time, the full amount of the $350.00 filing fee." (Dkt. No. 6, at 3 n.1). However, having reviewed the docket, there is no record that an authorization form, authorizing payment from Plaintiff's inmate account, was ever sent to the Superintendent of Plaintiff's housing facility. And the Court has not received any payment toward the filing fee in this case. Therefore, while a filing fee is a taxable cost, 28 U.S.C. § 1920(1), in the absence of proof that Plaintiff paid the filing fee, he is not entitled to reimbursement. Accordingly, Plaintiff's request for the $350.00 filing fee is denied.

The United States Marshals Service, however, has filed three bills of costs in the amount of $16.00, $24.00, and $56.00 respectively, for "fees for Service of Process" and has requested notification "in the event the plaintiff prevails in this action so that we can proceed to collect due costs in this matter." (Dkt. Nos. 32, 57, 90). Accordingly, Plaintiff is entitled to costs in the amount of $96.00 for service of process by the United States Marshals Service. Defendants are

directed to make payment directly to the United States Marshals Service, P.O. Box 7260, Syracuse, NY 13261.

### B. Fees for Printing, Copies, Postage, and Transcripts

Although Plaintiff seeks approximately $500.00 in costs for printing, copies, postage, and transcripts, he has failed to submit any documentation supporting this request, accordingly, his request is denied. *See* Local Rule 54.1(a) ("The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks.").

### C. Fees for Time Spent Litigating this Action

Plaintiff seeks an award of $115,000, in "prevailing party attorney's fees." (Dkt. No. 192, at 1). Plaintiff, as a pro se litigant, is not entitled to attorney's fees under 42 U.S.C. § 1988. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (noting that "[t]he Circuits are in agreement . . . on the proposition that a pro se litigant who is not a lawyer is not entitled to attorney's fees" under § 1988); *Billups v. Millet*, No. 91-cv-6326, 1996 WL 99399, at *7, 1996 U.S. Dist. LEXIS 2645 (S.D.N.Y. Mar. 6, 1996) ("Section 1988 does not apply to pro se plaintiffs."). Accordingly, Plaintiff's request is denied.[2]

## III. CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's motion for a bill of costs (Dkt. No. 190) is granted in the amount of $96.00 for service of process by the United States Marshals Service. Defendants are directed to make payment directly to the United States Marshals Service, P.O. Box 7260, Syracuse, NY 13261; and it is further

---

[2] Plaintiff also lists "Costs as shown on mandate of Court of Appeals" in the amount of $501.00, (Dkt. No. 190, at 1), but notes that it is "not applicable." Following trial, Plaintiff filed a Notice of Appeal. (Dkt. No. 178). The appeal appears to remain pending, accordingly, an award of costs is not warranted. In any event, an award of costs is governed by Rule 39(a) of the Federal Rules of Appellate Procedure.

**ORDERED** that Plaintiff's motion for a bill of costs (Dkt. No. 190) is otherwise **denied**.

**IT IS SO ORDERED.**

Dated:  October 4, 2019

Brenda K. Sannes
U.S. District Judge